# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| VIRGINIA DIANN FRANTZ, | CASE NO.: 4:17CV1505 |
| Plaintiff, | JUDGE JOHN ADAMS |
| COMMISSIONER OF SOCIAL SECURITY, | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | |

This matter comes before the Court on an objection filed by Plaintiff Virginia Frantz to the Report and Recommendation ("R&R") of the Magistrate Judge. On October 18, 2018, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the denial of Frantz's application for benefits. On November 1, 2018, Frantz objected to the R&R. On November 9, 2018, the Commissioner responded to the objection. The Court now resolves the objection.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of*

*Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

In her sole objection, Frantz contends the R&R erred when it concluded the ALJ's determination regarding her residual functioning capacity was supported by substantial evidence. Frantz effectively restates the same argument that was rejected by the R&R. Namely, Frantz contends that it was error for the ALJ to rely upon the opinions of the consulting doctors because "[a]ll of the doctor's opinions relied on by the ALJ in his determination that Ms. Frantz could do medium work were given before the most objective evidence in this case was done." Doc. 19 at 2. Frantz then details the results of her September 21, 2014 CT scan and March 3, 2015 x-rays. However, the R&R expressly considered and rejected the argument contained n Frantz's objection. She does not highlight error in the decision, but simply restates her argument.

First, the Court finds no error in the analysis performed by the R&R. Second, the Court finds no merit in the argument advanced by Frantz. As in other matters that were upheld, the ALJ here expressly noted that the consulting examiners had not had the opportunity to review the entire record. Thus, his reliance on those examinations was not in error. *See Markland v. Comm'r of Soc. Sec.,* 2016 WL 8116885, at *3 (E.D. Mich. Sept. 22, 2016) (finding no error in relying on examinations when the ALJ gave some indication that she considered that the consulting physicians based their review on the evidence of record at the time without the benefit later medical evidence).

Finally, like the R&R, the Court notes that Frantz was given the opportunity to supplement

the record and instead informed the ALJ that the record was complete. Upon review, this Court cannot say that the ALJ failed to create a full and fair record. As such, the objection has no merit.

For the reasons stated above, Frantz's objection is OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.


Dated: February 4, 2019                                    /s/ John R. Adams
                                              JUDGE JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE